```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ROGER T. EDWARDS            :    CIVIL ACTION
                            :
        v.                  :
                            :
COMMONWEALTH OF PENNSYLVANIA, et al.:    NO. 16-0128

FILED
FEB - 3 2016
MICHAEL E. KUNZ, Clerk
By_____Dep Clerk

**M E M O R A N D U M**

MCHUGH, J.                       FEBRUARY 3, 2016

    Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the Commonwealth of Pennsylvania and the Defender Association of Philadelphia. For the following reasons, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915(e).

    The Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974). Moreover, the United States Supreme Court has held that a "[a] state is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989) There is no waiver of state immunity applicable to this case. Therefore, plaintiff's claims against the Commonwealth of Pennsylvania will be dismissed.

    In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the

state, and cannot be sued under § 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). Therefore, plaintiff's claims against the Defender Association of Philadelphia must be dismissed.

Furthermore, it appears that plaintiff has filed this action as a means to challenge his conviction and sentence. However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his conviction and related imprisonment invalid, but he does not state that his conviction has been reversed or otherwise invalidated.

Finally, in his prayer for relief, plaintiff is requesting relief from his current sentence and/or a new trial, which are requests that may only be brought in a petition for a writ of habeas corpus, and not in a § 1983 action. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114

(3d Cir. 2002).  Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.